AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOSEPH KONOPKA | Case Number: 02-CR-87 |
| | USM Number: 20749-424 |
| | Patrick Brennan |
| | Defendant's Attorney |
| | Stephen Ingraham |
| | Assistant United States Attorney |

U.S. DISTRICT COURT EAST DIST WISC
FILED
JUN 1 8 2004
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

THE DEFENDANT:

☒ pleaded guilty to count(s) 1, 9, 10, 11, 12, & 13 of the indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | conspiracy to commit offenses against the United States | 1/25/01 | 1 |
| 18 U.S.C. § 844(i) | destruction by fire of a building used in interstate commerce | 10/7/00 | 9 |

The defendant is sentenced as provided in Pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 2-8 of the indictment ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

June 17, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Lynn Adelman, District Judge
Name & Title of Judicial Officer

June 18, 2004
Date

Case 2:02-cr-00087-LA   Filed 06/18/04   Page 1 of 8   Document 44

Defendant: JOSEPH KONOPKA
Case Number: 02-CR-87

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 844(h) | use of fire to commit arson of a building used in interstate commerce | 10/7/00 | 10 |
| 18 U.S.C. § 2320 | trafficking in counterfeit goods | 1/25/01 | 11 |
| 18 U.S.C. § 1030(a)(5)(A) | transmission of a program causing damage in excess of $5000 to a protected computer | 2/1/99 | 12 |
| 18 U.S.C. § 2511(1)(a) | interception of electronic communications | 1/25/01 | 13 |

Defendant: JOSEPH KONOPKA
Case Number: 02-CR-87

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 months on counts one, twelve and thirteen to run concurrently to each other and to the sentence defendant is serving in N.D. of IL Case No. 02-CR-224; 120 months on count eleven to run concurrently to the sentences on counts one, twelve and thirteen and to the sentence defendant is serving in N.D. of IL Case No. 02-CR-224; 130 months on count nine to run concurrently to the sentences on counts one, eleven, twelve and thirteen and to the sentence defendant is serving in N.D. of IL Case No. 02-CR-224; and 120 months on count ten, to run consecutive to the sentences on all other counts and to the sentence in N.D. of IL Case No. 02-CR-224.**

☒ The court makes the following recommendations to the Bureau of Prisons: Placement at Oxford or as close to defendant's family in Wisconsin as possible; evaluation for any programs which may assist defendant.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

                                                 UNITED STATES MARSHAL

                              By _____
                                               DEPUTY UNITED STATES MARSHAL

Defendant: JOSEPH KONOPKA
Case Number: 02-CR-87

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant:      JOSEPH KONOPKA
Case Number:    02-CR-87

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant is to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as directed by the supervising probation officer, until such time as he is released from such program by the supervising probation officer. The defendant shall pay the costs of this program at the direction of the supervising probation officer.
2. The defendant is to pay any balance of the restitution at a rate of not less than $100 per month. The defendant will also apply 100 percent of his yearly federal and state tax refunds toward payment of the fine. The defendant shall not change exemptions without prior notice to the supervising probation officer.
3. The defendant shall not make any major financial transactions, open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of the supervising probation officer.
4. The defendant shall participate in the Cognitive Intervention Program, if available, and as directed by the supervising probation officer.
5. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as directed by the supervising probation officer. The defendant shall pay the cost of such treatment as directed by the supervising probation officer.
6. The defendant shall not possess or use a computer with access to any on-line computer service at any location without the prior approval of the supervising probation officer, or possess or use any data encryption or data erasure technique or program.

Defendant: **JOSEPH KONOPKA**
Case Number: 02-CR-87

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $600.00 | $ | $ 436,106.37 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Alliant Energy Resources<br>Attn. Lisa Moller<br>4902 N. Biltmore Lane<br>Madison, WI 53718 | | $43,516.00 | |
| WBAY-TV (Young Broadcasting)<br>Attn. Dan Carmichael<br>115 S. Jefferson Street<br>Green Bay, WI 54305 | | $340.00 | |
| Bankers Standard Insurance<br>Attn. Laurence P. Mours<br>Regarding Woodward Communications, Inc.<br>200 S. Washington, Ste. 102<br>Green Bay, WI 54301 | | $134,865.51 | |
| WZOR - Woodward Communications<br>Attn. Steve Brown<br>2727 Radio Road<br>Appleton, WI 54915 | | $137,817.29 | |
| Kewaunee Nuclear Power Plant<br>Attn. Rick Repshas<br>N490 HWY 42<br>Kewaunee, WI 54216-9511 | | $30.00 | |
| Wisconsin Public Service Corp.<br>Attn. Michael Radtke<br>PO Box 19002<br>Green Bay, WI 54307-9002 | | $42,337.00 | |
| Bush Brothers & Company<br>Attn. Donald M. Buchinger<br>PO Nox 7841<br>Shiocton, WI 54170 | | $25,000.00 | |
| Ace Property & Casualty Co.<br>Ref. Claim # X786P100928-3 | | $27,227.05 | |

Policy # MAUDF24573591
1601 Chestnut Street. TL 19K
Phila., PA 19103

WE Energies $16,748.00
Attn. Thomas Eells
333 W. Everett Street, A268
Milwaukee, WI 53203

Heavenly Ham, Inc. $8048.79
Attn. Philip Schibly
933 Anderson Drive
Ashwaubenon, WI 54303

Volk Field CRTC $177.52
Attn. MSGT Kurt Moore
100 Independence Dr.
Camp Douglas, WI 54618

**Totals:** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☒ the interest requirement is waived for the     ☐ fine     ☒ restitution.

    ☐ the interest requirement for the     ☐ fine     ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: JOSEPH KONOPKA
Case Number: 02-CR-87

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 600.00 due immediately, balance due

    ☐ not later than _____, or
    ☒ in accordance with ☐ C, ☐ D, ☐ E or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties: The defendant shall participate in the BOP Inmate Financial Responsibility Program. Upon release, he shall make payments of not less than $100/month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: All copies of any computer software seized from the defendant which bear counterfeit marks and the means by which such infringing software was made, including the seized computer. The software shall be destroyed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.