AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

U.S. DIST COURT EAST DIST WISC FILED
DEC - 1 2005
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
V.
JOSEPH KONOPKA

JUDGMENT IN A CRIMINAL CASE

Case Number: 02-CR-87

USM Number: 20749-424

Bridget Boyle
Defendant's Attorney

Stephen Ingraham
Assistant United States Attorney

THE DEFENDANT:

☒ pleaded guilty to count(s) 1-7, 9, 11-13 of the indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 371 | conspiracy | 1/25/01 | 1 |
| 18 U.S.C. § 1366(b) | wilful damage to property of energy facility | 11/21/98 | 2 |

The defendant is sentenced as provided in Pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

November 30, 2005
Date of Imposition of Judgment

Signature of Judicial Officer

Lynn Adelman, District Judge
Name & Title of Judicial Officer

December 1, 2005
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 1A

Defendant: **JOSEPH KONOPKA**
Case Number: 02-CR-87

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1366(b) | wilful damage to property of energy facility | 1/20/01 | 3 |
| 18 U.S.C. § 32(a)(3) | damage/disable air navigation facility | 8/15/98 | 4 |
| 18 U.S.C. § 1362 | interference with telephone system/radio station | 8/18/00 | 5 |
| 18 U.S.C. § 1362 | interference with telephone system/radio station | 11/4/00 | 6 |
| 18 U.S.C. § 844(i) | destruction by fire of building used in interstate commerce | 11/12/00 | 7 |
| 18 U.S.C. § 844(i) | destruction by fire of building used in interstate commerce | 10/7/00 | 9 |
| 18 U.S.C. § 2320 | trafficking in counterfeit goods | 1/25/01 | 11 |
| 18 U.S.C. § 1030(a)(5)(A) | transmitting program causing damage to protected computer | 2/1/99 | 12 |
| 18 U.S.C. § 2511(1)(a) | interception of electronic communication | 1/25/01 | 13 |

Defendant: **JOSEPH KONOPKA**
Case Number: 02-CR-87

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **60 months on counts 1, 2, 3, 12, and 13, 144 months on counts 4, 7, and 9, and 120 months on counts 5, 6, and 11, all to run concurrently for a total of 144 months. Of the 144 months, 60 months shall run concurrently with the sentence in Case No. 02-CR-224, and 84 months shall run consecutive with the sentence in Case No. 02-CR-224.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **JOSEPH KONOPKA**
Case Number: 02-CR-87

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant: **JOSEPH KONOPKA**
Case Number: 02-CR-87

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant is to pay any balance of the restitution at a rate of not less than **$100 per month**. The defendant will also apply 100 percent of his yearly federal and state tax refunds toward payment of the restitution and fine. The defendant shall not change exemptions without prior notice to the supervising probation officer.

2. The defendant shall not make any major financial transactions without advising the supervising probation officer. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of the supervising probation officer. If the defendant's court ordered financial obligations are satisfied, this condition is no longer in effect.

3. The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the supervising probation officer.

4. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as directed by the supervising probation officer. The defendant shall pay the cost of such treatment as directed by the supervising probation officer.

Defendant: **JOSEPH KONOPKA**
Case Number: 02-CR-87

Defendant: **JOSEPH KONOPKA**
Case Number: 02-CR-87

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $1100.00 | $ | $ 436,106.37 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| see the attached sheets | | | |
| **Totals:** | $ _____ | $436,106.37 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: **JOSEPH KONOPKA**
Case Number: 02-CR-87

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $ 1100.00 due immediately, balance due

☐ not later than _____, or

☒ in accordance ☐ C, ☐ D, ☐ E or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: The defendant shall make payments of not less than $10/month while in prison and $100/month upon release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: All copies of any computer software seized from the defendant which bear counterfeit marks and the means by which such infringing software was made, including the seized computer. The software shall be destroyed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Alliant Energy Resources Inc.
Attention: Lisa Moller
4902 North Biltmore Lane
Madison, WI 53718                               $   43,516.00

WBAY-TV (Young Broadcasting of Green Bay)
Attention: Dan Carmichael
115 South Jefferson Street
Green Bay, WI 54305 $ 340.00

Bankers Standard Insurance
Attention: Laurence P. Mours
Regarding: Woodward Communications Inc.
200 South Washington, Suite 102
Green Bay, WI 54301 $ 134,865.51

WZOR - Woodward Communications Group
Attention: Steve Brown Director of Broadcast Engineering
2727 Radio Road
Appleton, WI 54915 $ 137,817.29

Kewaunee Nuclear Power Plant
Attention: Rick Repshas
N490 Highway 42
Kewaunee, WI 54216-9511 $ 30.00

Wisconsin Public Service Corporation
Attention: Michael Radtke - Manager
700 North Adams Street
P. O. Box 19002
Green Bay, WI 54307-9002 $ 42,337.00

Bush Brothers & Company
Attention: Donald M. Buchinger
P. O. Box 7841 Smith Street
Shiocton, WI 54170 $ 25,000.00

Ace Property & Casualty Company
Reference Claim #X786P100928-3
Policy #MAUDF24573591
1601 Chestnut Street, TL 19K
Philadelphia, PA 19103 $ 27,227.05

54

WE Energies  
Attention: Thomas R. Eells - Manager Corporate Security  
333 West Everett Street, A268  
Milwaukee, WI 53203 $ 16,748.00

Heavenly Ham Inc.  
Attention: Philip Schibly  
933 Anderson Drive  
Ashwaubenon, WI 54303 $ 8,048.79

Volk Field CRTC  
Attention: MSGT Kurt Moore  
100 Independence Drive  
Camp Douglas, WI 54618 $ 177.52